Filed 10/1/20  P. v. Colbert CA2/3

Opinion on transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B291207 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA456180) |
| v. | |
| DEBORAH COLBERT, | |
| Defendant and Appellant. | |

APPEAL from judgment of the Superior Court of Los Angeles County, Karla D. Kerlin, Judge.  Conditionally reversed and remanded with instructions.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Zee Rodriguez and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

Following a jury conviction for vandalism, defendant and appellant Deborah Colbert was placed on probation and ordered to pay a $400 restitution fine and other court assessments. On appeal, defendant argued that her case should be remanded so the trial court could retroactively determine her eligibility for a pretrial mental health diversion program under Penal Code section 1001.36.[1]

In a December 2019 unpublished opinion, we affirmed the trial court's orders, concluding that section 1001.36 did not retroactively apply to defendant's case, which had been "adjudicated" before the statute's enactment.

Our Supreme Court granted review, pending its decision in *People v. Frahs* (2020) 9 Cal.5th 618 (*Frahs*). There, the Supreme Court held that section 1001.36 applies retroactively to defendants whose cases were not yet final when the Legislature enacted section 1001.36. Following *Frahs,* the court transferred the matter back to us with directions to vacate our decision and reconsider it in light of *Frahs.*

Consistent with our Supreme Court's decision in *Frahs*, and as both parties agree in their supplemental briefs, we vacate our prior decision, conditionally reverse the judgment, and remand for the trial court to determine defendant's eligibility for mental health diversion under section 1001.36. Defendant also challenged the imposition of the restitution fine and assessments. We conclude defendant has forfeited the issue.

---

[1] Further unspecified statutory citations are to the Penal Code.

2

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    *Charge and Mental Competence*

In the early morning of April 5, 2017, Juan Salazar witnessed defendant repeatedly slamming a brick against his parked car.  The windshield and window were broken, and there were dents and scratches to the body.  The total damage to the car was $4,455.

On May 4, 2017, the Los Angeles County District Attorney's Office charged defendant with vandalism resulting in more than $400 in damage (§ 594).

On June 26, 2017, defense counsel declared a doubt regarding defendant's mental competence.  A forensic psychiatrist diagnosed defendant with "Unspecified Schizophrenia Spectrum and Other Psychotic Disorder."[2]  The trial court found defendant incompetent and suspended criminal proceedings.  On December 18, 2017, the trial court reinstated proceedings after finding that defendant had been restored to competence.

### B.    *Trial and Sentencing*

A jury convicted defendant of the charged offense on April 5, 2018.

On May 30, 2018, the trial court suspended the imposition of sentence and placed defendant on three years of probation through the Office of Diversion and Reentry.  The court ordered defendant to serve 736 days in jail as a condition of probation,

---

[2]    The psychiatrist's July 2017 report also contained limited information about defendant's financial condition.  Defendant stated "she receives SSI benefits."  Although defendant's daughter stated her mother was homeless, defendant denied this.

and awarded her a total of 736 days of presentence credit. The court also ordered that she pay $4,500 in victim restitution, a $400 restitution fine (§ 1202.4), a $30 court facilities assessment (Gov. Code, § 70373), a $40 court operations assessment (§ 1465.8), the cost of probation services, a $10 crime prevention fine, and "any other mandatory fines and fees." Defendant was advised of her right to an ability to pay hearing.

### C.     Enactment of Section 1001.36 and Appeal

On June 27, 2018, the Legislature enacted section 1001.36, which created a pretrial diversion program for certain defendants with qualifying mental disorders. (§ 1001.36, subd. (a); Stats. 2018, ch. 34, § 24.)

Defendant timely appealed the May 30, 2018 order. She argued that her conviction should be conditionally reversed and the matter remanded for the trial court to determine, retroactively, whether she qualified for a pretrial diversion program for defendants with qualifying mental disorders under section 1001.36. Relying on *In Re Estrada* (1965) 63 Cal.2d 740 and *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, defendant argued section 1001.36 should apply retroactively because it confers an ameliorative benefit to defendants whose judgments are not yet final.

The People argued section 1001.36 was not retroactive, focusing on the express language of the statute which provides that pretrial mental health diversion is only available "until adjudication." According to the People, defendant's claim had already been "adjudicated" by the time of the statute's enactment.

In our December 2019 unpublished opinion, we agreed with the People and affirmed the trial court's judgment. (See *People v.*

4

*Colbert*, Dec. 27, 2019, B291207 [nonpub. opn.], review granted Mar. 11, 2020, review dismissed and remanded Aug. 19, 2020, S260015.)

Our Supreme Court granted review, and transferred the matter back to us with directions to vacate our prior decision and reconsider the matter in light of *Frahs*.

## DISCUSSION

### I. Conditional Reversal of Judgment Is Required Under *Frahs* to Determine Defendant's Eligibility for Diversion Under Section 1001.36.

#### A. *Section 1001.36*

Effective June 27, 2018, section 1001.36 authorizes pretrial diversion in lieu of criminal prosecution for defendants with qualifying mental disorders: " '[P]retrial diversion' means the postponement of prosecution, either temporarily or permanently, at any point in the judicial process from the point at which the accused is charged until adjudication, to allow the defendant to undergo mental health treatment . . . ." (§ 1001.36, subd. (c).)

A trial court may grant pretrial diversion under section 1001.36 if it finds:  (1) the defendant suffers from an identified mental disorder;[3] (2) the mental disorder was a significant factor in the commission of the charged offense; (3) the defendant's

---

[3]    A "qualifying mental disorder" is any "mental disorder . . . identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders, including, but not limited to, bipolar disorder, schizophrenia, schizoaffective disorder, or post-traumatic stress disorder, but excluding antisocial personality disorder, borderline personality disorder, and pedophilia.  Evidence of the defendant's mental disorder shall be provided by the defense and shall include a recent diagnosis by a qualified mental health expert."  (§ 1001.36, subd. (b)(1)(A).)

5

symptoms will respond to treatment; (4) the defendant consents to diversion and waives his or her speedy trial rights; (5) the defendant agrees to comply with the treatment; and (6) the defendant will not pose an unreasonable risk of danger to public safety if treated in the community.  (§ 1001.36, subd. (b).)

If the trial court grants diversion, the defendant will undergo mental health treatment by an approved mental health program that will provide regular reports of the defendant's progress.  Criminal proceedings may be diverted for "no longer than two years."  (§ 1001.36, subds. (c)(1)(B) & (c)(2)—(3).)  If the defendant performs satisfactorily in diversion, "the court shall dismiss the defendant's criminal charges that were the subject of the criminal proceedings at the time of the initial diversion" and "the arrest upon which the diversion was based shall be deemed never to have occurred."  (§ 1001.36, subd. (e).)  Under certain circumstances, if the defendant commits additional crimes or performs unsatisfactorily in diversion, the court may reinstate criminal proceedings.  (§ 1001.36, subd. (d).)

B.     *Defendant Is Entitled to Conditional Reversal of Judgment Under Section 1001.36, Which Applies Retroactively.*

The Courts of Appeal were divided on the question of whether section 1001.36 applies retroactively to persons who were tried, convicted, and sentenced before section 1001.36 went into effect, but as to whom judgment is not yet final.  In June 2020, our Supreme Court resolved the issue in *Frahs.*  The Supreme Court held that because section 1001.36 provides a possible ameliorating benefit for a class of persons, namely, certain defendants with qualifying mental disorders, and neither the statute's text nor its legislative history clearly signals the Legislature's intent to overcome *Estrada'*s inference of

6

retroactivity, section 1001.36 applies retroactively to cases where the judgment is not yet final. (*Frahs, supra*, 9 Cal.5th at p. 624.)

In *Frahs*, our Supreme court also rejected the People's argument that the defendant was not entitled to remand because he failed to demonstrate that he satisfied all six threshold eligibility requirements for diversion. (*Frahs, supra*, 9 Cal.5th at pp. 637–638; see § 1001.36, subd. (b).) The Court concluded "a conditional limited remand for the trial court to conduct a mental health diversion eligibility hearing is warranted when, as here, the record affirmatively discloses that the defendant appears to meet at least the first threshold eligibility requirement for mental health diversion—the defendant suffers from a qualifying mental disorder." (*Frahs*, at p. 640.)

Pursuant to our Supreme Court's decision in *Frahs*, the People concede and we now conclude defendant is entitled to conditional reversal of judgment and remand to the trial court for a determination of her eligibility for mental health diversion under section 1001.36. (See *Frahs, supra*, 9 Cal.5th at pp. 639–641.) Here, the record affirmatively discloses that a forensic psychiatrist diagnosed defendant with "Unspecified Schizophrenia Spectrum and Other Psychotic Disorder," a qualifying mental disorder "as identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders." (See § 1001.36, subd. (b)(1)(A); American Psychiatric Assn., Diagnostic and Statistical Manual of Mental Disorders (5th ed. 2013), p. 122.) Accordingly, defendant "appears to meet at least the first threshold eligibility requirement for mental health diversion." (*Frahs*, at p. 640.) Pursuant to *Frahs* and based on the record before us, we conclude a conditional reversal of judgment and remand is appropriate for the trial court to

conduct a mental health diversion eligibility hearing. (See *id.,* at p. 640; § 1001.36, subd. (b)(3).)  We express no opinion on whether defendant will be able to demonstrate eligibility for mental health diversion under section 1001.36, or whether the trial court should exercise its discretion to grant diversion if it finds defendant eligible.

**II.    Defendant Has Forfeited Any Challenge to the Restitution Fine and Court Assessments.**

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant argues the court violated her due process rights by imposing the $400 restitution fine and various court assessments without making a finding as to her ability to pay. We conclude the issue was forfeited.

Section 1202.4, subdivision (d) allows a court to consider a defendant's inability to pay a restitution fine if the fine is more than the minimum fine of $300.  (§ 1202.4, subd. (d); *People v. Avila* (2009) 46 Cal.4th 680, 729 (*Avila*).)  The statute provides that a defendant who is unable to pay more than the minimum fine must raise a challenge in the trial court:  "A defendant shall bear the burden of demonstrating his or her inability to pay." (§ 1202.4, subd. (d).)  Thus, to preserve the issue on appeal, defendant was required to object to the amount of the fine and demonstrate her inability to pay more than the $300 minimum. (See *Avila*, at p. 729.)

*Dueñas* is distinguishable because the court imposed the minimum restitution fine under section 1202.4, subdivision (b), and the defendant clearly advised the court of her inability to pay.  (*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1162, 1169.)  Here, the trial court did not impose the minimum restitution fine, and defendant did not object to the fine and assessments or indicate

8

an inability to pay, as statutorily required, even after the trial court advised her of the right to an ability to pay hearing.

Defendant concedes her trial counsel failed to object to the fine and assessments, but argues there was no forfeiture because: (1) she presents a pure question of law based on undisputed facts that can be raised for the first time on appeal; and (2) it would have been futile to object before the trial court. We do not agree. By claiming indigence, defendant requests a factual determination of her inability to pay based on facts the People dispute and which the record does not conclusively establish. Further, an objection based on her inability to pay would not have been futile, especially in light of the court's advisement and under governing law which clearly contemplates such an objection. (§ 1202.4, subd. (d); see also *Avila*, *supra*, 46 Cal.4th at p. 729.) Having failed to object in the trial court based on her inability to pay, defendant has forfeited this issue. (See *People v. Scott* (1994) 9 Cal.4th 331, 352–353.)

## DISPOSITION

We vacate our previous decision, conditionally reverse the judgment, and remand the matter to the trial court for an eligibility determination under section 1001.36. " 'If the trial court finds that [defendant] suffers from a mental disorder, does not pose an unreasonable risk of danger to public safety, and otherwise meets the six statutory criteria (as nearly as possible given the postconviction procedural posture of this case), then the court may grant diversion. If [defendant] successfully completes diversion, then the court shall dismiss the charges. However, if the court determines that [defendant] does not meet the criteria under section 1001.36, or if [defendant] does not successfully complete diversion, then [her] conviction[ ] and sentence shall be reinstated.' " (*Frahs*, *supra*, 9 Cal.5th at p. 641.)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

DHANIDINA, J.

10